# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE WALTER MITCHELL,<br><br>             Plaintiff,<br><br>   v.<br><br>KEN CLARK, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:08-cv-001544 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 2, 15 and 16 )<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

Plaintiff De Walter Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint filed November 3, 2008, against defendants Ken Clark, Hakim Kamal and G. Wright ("Defendants") for violation of the Eighth Amendment.

Now pending before the Court are Plaintiff's motions for a temporary restraining order and/or preliminary injunctive relief, filed November 3, 2008, April 1, 2009 and May 4, 2009. (Docs. 2, 15 and 16). Plaintiff seeks an order prohibiting Defendants from transferring him to any Level IV prison. Defendants have not yet appeared in this action and thus have not responded to the motions.[1]

///

///

---

[1] On March 23, 2009, the Court issued an order directing the United States Marshal to effect service of the summons and complaint on defendants. (Doc. 13).

1

**Summary of Plaintiff's Complaint**

Plaintiff is currently housed at Corcoran Substance Abuse and Treatment Facility ("C.S.A.T.F."). In his complaint, Plaintiff states that from 2005 - 2006 he was incarcerated at Pleasant Valley State Prison ("P.V.S.P."). Plaintiff states that he was labeled a snitch, and that he was subsequently transferred from P.V.S.P. due to safety and security concerns. Plaintiff alleges that in October 2008 he was endorsed for transfer back to P.V.S.P. Plaintiff alleges that defendants Kamal and Wright made the decision to transfer plaintiff, refused to document Plaintiff's safety concerns and placement restrictions, and informed Plaintiff that he would be transferred back regardless of the risk to Plaintiff's safety. Plaintiff alleges that defendant Clark was aware of the situation but failed to prevent Plaintiff from being put up for transfer.

**Motions for Temporary Restraining Orders and/or Preliminary Injunctive Relief**

On November 3, 2008, April 1, 2009 and May 4, 2009, Plaintiff filed motions seeking a temporary restraining order and/or preliminary injunctive relief. In his most recent filing, Plaintiff states that he is currently pending transfer to a Level IV facility. Plaintiff states that he is at risk of physical harm by documented enemies who circulate within the Level IV environment. Plaintiff states that the documented enemies and their associates will target Plaintiff due to his snitching on inmates. Plaintiff requests that the Court issue a temporary restraining order preventing his transfer from his present place of incarceration.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

In the instant case, Plaintiff has submitted documentation indicating that while he was incarcerated at P.V.S.P. in 2005, an internal investigation revealed safety and security concerns warranting Plaintiff's transfer to an alternate Sensitive Needs Yard ("S.N.Y") facility. (Doc. 2, Exh. A). Plaintiff was subsequently transferred to C.S.A.T.F; the exact date of the transfer is unclear.

Plaintiff has also submitted a Committee Actions Summary Report dated September 2008 that identifies Plaintiff as a possible target for assault by two unidentified inmates. During this time Plaintiff was housed in the S.N.Y. 'D' Facility at C.S.A.T.F. (Doc. 2, Exh. B). It appears that Plaintiff is now housed in 'E' Facility at C.S.A.T.F and is pending transfer to a Level IV facility. (Doc. 16, Exh. A). Plaintiff attests that he faces a serious risk of assault if transferred to any Level IV facility because of documented enemies and their associates who circulate within the Level IV environment.

Based on the limited evidence submitted, the Court cannot find at this time that Plaintiff has met his burden in showing a significant threat of irreparable injury. With respect to the transfer in 2006 from P.V.S.P., no details are provided as to the safety and security issues that warranted Plaintiff's transfer.[2] Even presuming that the transfer in 2006 was due to concerns about Plaintiff's safety, Plaintiff has not established to the Court's satisfaction that the same safety concerns exist today, three years later.[3]

---

[2] The Committee Action Summary Report dated January 31, 2006 discusses both Plaintiff and inmate Senegal, with whom Plaintiff has personal problems. The report does not state that the transfer was due to safety and security concerns about *Plaintiff*.

[3] Plaintiff states that his documented enemies are at P.V.S.P., but has not identified who they are. Plaintiff has provided no evidence showing that these inmates are still there, particularly in light of Plaintiff's assertions that they circulate amongst Level IV facilities.

Further, Plaintiff's contention that he will be assaulted if transferred to any Level IV facility because documented enemies or their associates circulate among Level IV facilities is far too generalized to show a real or significant threat of irreparable harm. Plaintiff has not established who he fears will harm him or where they are located. Plaintiff is reminded that he must establish, by a clear showing, that he has met his burden of persuasion and based on the evidence filed to date Plaintiff has not yet done so.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed November 3, 2008, April 1, 2009 and May 4, 2009 be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 7, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE