# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE WALTER MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KEN CLARK, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01544 LJO DLB PC<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO OBEY A COURT ORDER<br><br>(Doc. 25) |

　　　　Plaintiff De Walter Mitchell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 9, 2009, Defendants Clark, Kamal and Wright ("Defendants") filed a motion to dismiss for Plaintiff's failure to exhaust administrative remedies and for failure to state a claim. Plaintiff failed to file an opposition or a statement of non-opposition to the motion, in compliance with Local Rule 78-230(m), and on October 5, 2009, the Court ordered Plaintiff to do so within twenty days. More than twenty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

　　　　Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

1  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
2  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
3  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
4  failure to lack of prosecution and failure to comply with local rules).  In determining whether to
5  dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local
6  rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of
7  litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
8  the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
9  alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
10 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

11     In the instant case, the Court finds that the public's interest in expeditiously resolving this
12 litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case
13 has been pending since November 2008.  The third factor, risk of prejudice to defendants, also
14 weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
15 unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
16 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
17 outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a
18 party that his failure to obey the court's order will result in dismissal satisfies the "consideration of
19 alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
20 779 F.2d at 1424.  The Court's order expressly stated: "Failure to comply with this order may result
21 in dismissal of this action for failure to obey a court order."  Thus, Plaintiff had adequate warning
22 that dismissal would result from his noncompliance with the Court's order.

23     Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, based on
24 Plaintiff's failure to obey the Court's order dated October 2, 2009.
25 IT IS SO ORDERED.

26 **Dated:   November 12, 2009**            /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE
27
28